UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JASON L. WEBB**                                                                                                    **PLAINTIFF**

**v.**                                                             **CIVIL ACTION NO. 3:25-CV-P492-JHM**

**PEOPLE OF THE STATE OF KENTUCKY** *et al.*                                               **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Jason L. Webb, an inmate at the Luther Luckett Correctional Complex, filed the instant *pro se* action. Plaintiff filed a handwritten complaint on his own paper. The Clerk of Court issued a deficiency notice directing Plaintiff to resubmit the complaint on a Court-approved form, and Plaintiff complied. This matter is before the Court upon an initial review of the handwritten complaint and the complaint filed on the Court-approved form pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF FACTUAL ALLEGATIONS

#### *A. Handwritten complaint*

Plaintiff's handwritten complaint consists of 48 pages. He sues the following Defendants: "People of the State of Kentucky"; Cookie Crews, the Commissioner of the Kentucky Department of Corrections; Todd D. Ferguson, whom he identifies as the Attorney General; Brian C. Edwards, a Jefferson Circuit Judge; Sheri Wornall, whom he identifies as "the Commonwealth of Kentucky he/she is legally responsible for the overall operations of the Commonwealth of Kentucky under his/her jurisdiction"; Chris Schramm, whom he identifies as an attorney with the Department of Public Advocacy; and Amy Robey, the Warden of Luther Luckett Correctional Complex. He sues Defendants in their individual and official capacities.

The handwritten complaint states the following:

This Administrative Remedy, to which you are subject and required to answer pursuant to the <u>Administrative Procedure Act</u>, state and federal as applicable comes to you because you and your office brought the above referenced case <u>16-CR-1798-002</u>[1] into court (created the constructive trust) on behalf of the state, United States, as applicable, which charged the Cestui Que trust, thus initiating the constructive trust. A maxim of law states <u>"whoever creates the controversy hold liability, and whoever hold liability must provide the remedy</u>."

The intent herein is the discharge of the "Judgment/debt," as well as discharge of the plaintiff/debtor, <u>JASON L. WEBB</u>, if honorably accepted by you. If dishonorably rejected, the conclusion is filing of a title 42 lawsuit, depending on your ability or inability to rebut the statements of facts and allegations contained herein. . . .

<u>Acknowledgement of Debt</u>: Claimant is acknowledging the debt in regard to the above referenced court case, in whatever amount specified. I am in agreement, and there is no controversy regarding the debt regarding the Cestui Que trust. However, the Beneficiary has suffered damages, and also needs reimbursement.

<u>Transfer of property to fiduciary trustee by special deposit</u>: Whereas the above-noted property, i.e. <u>Jason L. Webb</u> has been pledged to the United States by performance bond <u>16-CR-1798-002</u> as surety for the General Serves Bonds (GSA) sf 24 bld bonds, sf 25 performance bond and sf 25A payment bond which were created and sold by this office in regard to the above referenced public dept contract/case no. <u>16-CR-1798-002</u> . . . . <u>You now have the administrative duty to settle and close this case, with or without bonds, due to the rights violations committed by you and your office against the Claimant, and obtain a court order for immediate release of the property, i.e., the Claimant. You know how to process the bonds because you do it on a regular basis every time you open a new case!</u>

<u>Declaration of Public Trust</u>: I declare the Declaration of Independence as my trust. I am the beneficiary thereof, and those persons occupying positions of government have a limited grant of authority, as trustees of the public trust, and therefore each and every government actor has a duty and obligation to protect the rights of the beneficiaries of the trust.

The Declaration of Independence states my rights cannot be deminished, transferred, or aliened.

---

[1] The Kentucky Court of Justice online court records show that Plaintiff was convicted in Jefferson Circuit Court in Case No. 16-CR-1978-002 for multiple counts of possession of matter portraying sexual performance by a minor. *See* https://kcoj.kycourts.net/kyecourts. A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

> <u>Declaration of Cestui Que Vie Trust</u>: I declare I am the sole grantor, as well as the sole beneficiary of the Cestui Que Vie trust known as: <u>Jason L. Webb</u>.

The handwritten complaint continues with similar verbiage. It alleges that Plaintiff now realizes that he is the grantor and beneficiary of a trust "which prohibits you from taking a living man, one of the people, into an administrative court instead of the constitutionally-guaranteed Article III court of common law." He states that he revokes his signature on all documents in his state court case. He requests that prosecutors and judges produce their oaths of office. He states that if they do not produce their oaths, "they cancel or disavow said oath to the fictional corporate government" or if they have no oath of office "they are imposters and a trespasser upon the law."

Plaintiff further asserts, "Government speaking through the Respondent did not have verified authority to attach any flesh and blood man and make him subject to its powers, therefore, <u>Respondent has put claimant in a state of slavery</u>." He also maintains that his plea agreement is void because "the state entity has no authority to hold the granters, the constructors of the state, in bondage to the state's limited powers." In his prayer for relief, Plaintiff states that he requests the following:

> A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States. . . . A preliminary and permanent injunction ordering Respondents: to bring Jason L. Webb before the court, the release Jason L. Webb from prison, destroy all court documents pertaining to this case!!

### B. Complaint filed on court-approved § 1983 form

As stated above, after Plaintiff filed his handwritten complaint, the Clerk of Court issued a notice of deficiency directing Plaintiff to resubmit the complaint on a Court-approved form.[2] Plaintiff filed a complaint on the Court's 42 U.S.C. § 1983 form. Therein he sues Crews, Ferguson,

---

[2] Under Local Rule 5.3, *pro se* civil rights complaints filed under 42 U.S.C. § 1983 should be filed on a court-supplied form. LR 5.3(a)(3).

Edwards, Wornall, and Schramm, and he lists an additional Defendant, Justin C. Brown, whom he identifies as a "private lawyer." He sues each Defendant in his or her individual and official capacities.

Plaintiff states that Defendant Schramm "failed to do all of the following named herein below, coerced confessions, execution of mentally retarded, prosecution had concealed impeachment evidence, destruction of exculpatory evidence[.]" He also asserts that "counsel failed to state 'actual innocence claim' of plaintiff, essence of ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was/is rendered unfair and the verdict should be rendered suspect!" Plaintiff maintains that he was convicted "by use of testimony known by the prosecution to be perjured" and that the prosecution failed "to disclose requested impeachment evidence." He states that his trial counsel "refused to admit accomplice confession that they committed the crimes not Jason L. Webb."

Plaintiff also maintains, "Trial courts sentence was impermissibly based on Jason L. Webb's refusal to admit guilt, in violation of 5th Amendment right to remain silent! Motion for new sentencing should be granted." He states, "Use of brother's statement without cross-ex violates the Sixth Amendment!!" He asserts, "Counsel failure to object to co-defendant's confession!" He also asserts that he was "deprived of rights to testify in his own behalf by actions of attorney and trial court; prosecutorial misconduct for threatening and coercing witnesses who may have provided exculpatory testimony!" He also states that his private counsel lied to the Court when he stated that Plaintiff could not afford counsel.

As relief, Plaintiff requests compensatory and punitive damages and "release from prison and dropping charges." He also requests, "Comply by amending to first complaint of Lawsuite!!"

## II.  LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. *Handwritten complaint*

Upon review of the handwritten complaint, the Court finds that it contains the hallmarks of the sovereign citizen theory. "'So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings.'" *Harvin v. Borthwick*, No. DLB-24-3766, 2025 U.S. Dist. LEXIS 263441, at *10-11 (D. Md. Dec. 22, 2025) (quoting *Zahir v. McKeefery*, No. PX-19-1271, 2019 U.S. Dist. LEXIS 75076, at *4 (D. Md. May 3, 2019)); *see also United States v. McLaughlin*, 949 F.3d 780, 781 (2d Cir. 2019) (cleaned up) (noting that "so-called 'Sovereign Citizens' seek to clog the wheels of justice and delay proceedings so justice won't ultimately be done. They do so by raising numerous—often frivolous—arguments, many alleging that the Courts or the Constitution lack any authority whatsoever."). The hallmarks of the sovereign citizen theory include references to oneself as a "living man" or "flesh and blood" person, as Plaintiff does in the instant complaint. *See, e.g.*, *Riding v. Morgan Stanley & Co. LLC*, No. 4:25-cv-00648-DGK, 2025 U.S. Dist. LEXIS 255523, at *7 (W.D. Mich. Dec. 19, 2025) (citation omitted). Also common to sovereign citizen complaints are references to a "cestui que vie" trust, as present here. *See, e.g.*, *Potter v. United States*, 161 Fed. Cl. 24, 28-29 (Fed. Cl. 2022) ("Sovereign citizens also sometimes reference the Cestui Que Vie Act of 1666, or a 'cestui que vie' trust, as support for their arguments in court."). Other hallmarks include the plaintiff proceeding as the executor, grantor, and/or beneficiary of a trust, *see Craft v. Schenkel*, No. 1:25-cv-1475, 2025 U.S. Dist. LEXIS 270714, at *8 (W.D. Mich. Dec. 18, 2025) ("Plaintiff is proceeding under an unintelligible trust theory in which he is both the grantor and 'living principal' of a private trust."); *Moorefield v. IRS*, No. 2:25-650, 2025 U.S. Dist. LEXIS 155336, at *5 (W.D.

Pa. Aug. 12, 2025) (finding hallmarks of sovereign citizen theory include plaintiff's allegation that "he is the executor and trustee of a trust that he created in his own name" and that he has the "'right to discharge alleged debt"), and demands for oaths of office from public officials. *See Hopper v. Chancey*, 2:24cv-02040-SOH-MEF, 2024 U.S. Dist. LEXIS 205301, at *14 (W.D. Ark. Oct. 21, 2024) ("Plaintiff's demand for an Oath of Office from all Defendants . . . [is] clearly based on sovereign citizen ideology and principles.").

Courts have repeatedly rejected arguments made upon the theory of sovereign citizenship as frivolous. *See, e.g.*, *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous."); *see also Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) ("Trevino's legal arguments, including that Florida has no jurisdiction over him because he is a 'natural born, free living, breathing, flesh and blood human being' and that he must be released because Florida breached a security agreement with him, are frivolous."); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected [the defendants'] theories of individual sovereignty, immunity from prosecution, and their ilk."); *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (rejecting the sovereign citizen theory as having no conceivable validity in American law); *Muhammad v. Smith*, No. 3:13-cv-760 MAD/DEP, 2014 U.S. Dist. LEXIS 99990, at *4-8 (N.D.N.Y. July 23, 2014) (stating that sovereign citizen theories have been repeatedly rejected as frivolous by the courts and rejecting as "legally frivolous" plaintiff's attempt to "avoid the consequences of his criminal conviction by suggesting he exists as two separate legal entities . . ."). "Claims premised on sovereign citizen theories may be dismissed without 'extended argument.'" *Payne v. Klida*, No. 15-CV-14127, 2016 U.S. Dist. LEXIS 14968, at *13 (E.D. Mich. Jan. 6, 2016) (quoting *United States v. Ward*, No. 98-

30191, 1999 U.S. App. LEXIS 9255, at *5-6 (9th Cir. May 13, 1999)), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 14649 (E.D. Mich. Feb. 8, 2016)).

Upon review, the Court finds that the allegations in Plaintiff's handwritten complaint are clearly baseless and must be dismissed as frivolous.

### *B. Complaint filed on court-approved § 1983 form*

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### *1. Schramm and Brown*

Plaintiff sues Schramm and Brown, identifying them as his defense attorneys in the state court criminal action against him. It is firmly established that a defense attorney, regardless of whether he or she is a public defender or private attorney, does not act under color of state law for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Here, Defendants were Plaintiff's defense attorneys in his state court criminal proceedings and therefore are not state actors. As such, Plaintiff's claims against them must be dismissed for failure to state a claim upon which relief may be granted.

Additionally, to the extent Plaintiff is attempting to allege claims of ineffective assistance of counsel, "[i]neffective assistance of counsel is not a cognizable claim under § 1983, . . . [and]

must be brought in a habeas petition under 28 U.S.C. § 2254, and not in an action under § 1983." *Moody v. Benton Cnty. Det. Ctr.*, No. 1:25-CV-01038-SHM-TMP, 2025 U.S. Dist. LEXIS 166814, at *12-13 (W.D. Tenn. Aug. 27, 2025) (citing, *inter alia*, *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Therefore, Plaintiff's ineffective assistance claims must also be dismissed for failure to state a claim.

### 2. *Edwards, Ferguson, and Wornall*

#### a. *Official-capacity claims*

Plaintiff sues Edwards, the judge who presumably presided over his state court criminal case, as well as Ferguson and Wornall, the prosecutors in his state court case. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Edwards, Ferguson, and Wornall are state employees or officials. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Plaintiff also requests injunctive relief in the form of "release from prison and dropping charges." However, such relief is not available under § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Accordingly, Plaintiff's official-capacity claims against Edwards, Ferguson, and Wornall for monetary and injunctive relief must be dismissed for seeking monetary damages from a defendant immune from such relief and for failure to state a claim upon which relief may be granted.

### b. *Individual-capacity claims*

With regard to Plaintiff's claim against Edwards, judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity can be overcome in only two situations—for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 356-57. It is evident that the actions alleged in the complaint were in the scope of Edwards's judicial capacity and not beyond his jurisdictional authority. Therefore, Plaintiff's claim against Edwards in his individual capacity must be dismissed for failure to state a claim upon which relief may be granted.

As to Plaintiff's claims against Ferguson and Wornall, prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity

10

even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Because Plaintiff's claims against Ferguson and Wornall are barred by prosecutorial immunity, the individual-capacity claims against them must also be dismissed.

### 3. Crews

Plaintiff lists Crews as a Defendant in the portion of the complaint form where Defendants are to be listed, but he makes no reference to her in the body of the complaint or make any allegation as to any specific action undertaken by Crews. Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *George v. Gordon*, No. 2:22-CV-1981, 2022 U.S. Dist. LEXIS 101205, at *8 (S.D. Ohio June 6, 2022), *report and recommendation adopted*, No. 2:22-CV-1981, 2022 U.S. Dist. LEXIS 120459 (S.D. Ohio July 6, 2022) ("[T]he Court cannot draw the reasonable inference that any of these Defendants are liable for the misconduct alleged, because Plaintiff makes no factual assertions about any Defendant's conduct . . . . Even affording Plaintiff the leniency due to *pro se* complainants, the Court can do no more than guess at the nature of the claim asserted.") (citations omitted). Therefore, Plaintiff's claim against Crews will be dismissed for failure to state a claim.

## IV. CONCLUSION

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: January 22, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.010